ELECTRONIC

**Oct. 19, 2007**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO._____ - CIV-_____/_____

# 07-61503-CIV-ALTONAGA/TURNOFF

WERNER R. GARCIA, an individual, and on
behalf of all others similarly situated,

        Plaintiff,

v.

UNITED AUTO CREDIT
CORPORATION, a California corporation,

        Defendant.

_____/

### DEFENDANT UNITED AUTO CREDIT CORPORATION'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT

Defendant United Auto Credit Corporation ("UACC"), through undersigned counsel, hereby moves to dismiss Plaintiff Werner Garcia's Complaint because it fails to state a claim. Garcia's Complaint is based on mischaracterization of the express terms of the Florida statutes on which it is based, and on the post-possession notice provided to Garcia and attached as Exhibit B to his Complaint. As a result, Garcia can state no facts that would entitle him to relief before this or any Court. UACC respectfully requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). UACC incorporates its below memorandum of law in support of this Motion.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant United Auto Credit Corporation ("UACC") respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Werner Garcia's putative Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

{WP439638;1}

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Werner Garcia is a former UACC customer.  On July 28, 2003, he signed a retail installment sale contract for a 2002 Chevrolet Tracker.  *See* Sept. 14, 2007 Complaint for Damages and Incidental Relief ("Complt.") at ¶¶ 8-10.  In January, 2007, after his contract was assigned to UACC, Garcia defaulted on his payments and UACC repossessed the car.  (*Id.* at ¶¶ 11-14)  After UACC repossessed the car in accordance with Florida law, it sent Garcia a "Notice of Sale," which is attached to Garcia's Complaint as Exhibit B.

Garcia filed a Complaint in the Circuit Court for the Seventeenth Judicial Circuit in Broward County, Florida on September 14, 2007.  Defendants timely removed the case to this Court pursuant to 28 U.S.C. 1332, as amended by the Class Action Fairness Act of 2005, and now file this motion to dismiss based on Rule 12(b)(6) of the Federal Rules.

Garcia broadly challenges UACC's form post-repossession Notices, and seeks to represent a class of UACC customers.  Garcia's laundry list of alleged statutory violations is based on the alleged lack of disclosure in UACC's post-repossession disclosures, which, Plaintiff alleges, violate Article Nine of the Uniform Commercial Code, sections 679.610, 679.614, and 679.623, Florida Statutes.  (*Id.* at ¶ 41)

In his Complaint, Garcia alleges that the Notice of Sale he received fails to comply with Florida law because the Notice does not:

- specify whether the repossessed car would be sold in a public or private sale, and if by public sale, the time and place of the sale.  (Complt. at ¶ 15A);

- "properly describe" Garcia's liability for any deficiency balance created by the difference between the sale price and the remaining balance on his loan with UACC (Complt. at ¶ 15B);

- disclose that Mr. Garcia was entitled to an accounting of his unpaid debt

(Complt. at ¶ 15C);

- provide a telephone number that Garcia could call to find out how to redeem the car (Complt. at ¶ 15D);

- provide a telephone number or mailing address that Garcia could use to obtain additional information on the sale of the car and his obligation for the deficiency balance (Complt. at ¶ 15E); or,

- disclose the correct time period for redemption (Complt. at ¶ 15F).

Garcia purports to bring these claims on behalf of a putative class of UACC customers.

The fundamental and fatal problem with each of Plaintiff's legal theories is that the UACC post-possession notice contains all disclosures required by Florida state law. The express terms and disclosures in the Notice trump Garcia's allegations that UACC violated Article Nine. For this reason, each of these allegations fails to state a claim for violation of Article Nine as a matter of law and the Court should dismiss the Complaint.

## II.   **STANDARD OF DECISION**

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Sides v. Simmons*, Case No. 07-80347-CIV-RYSKAMP/VITUNAC, 2007 U.S. Dist. LEXIS 70552 at *6 (S.D. Fla. 2007), citing *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). When it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court must dismiss the complaint. *Harper v. Blockbuster Entn't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).

While the Federal Rules do not require Garcia to set out in detail the facts upon which he bases his claim, it is "axiomatic" that his Complaint must allege facts sufficiently setting forth the essential elements of a cause of action.   *Sides,* 2007 U.S. Dist. LEXIS 70552 at *5-*7 (internal citations omitted).   Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the Complaint is appropriate.   *Al-Babtain v. Banoub,* Case No. 8:06-cv-1973-T-30TGW, 2007 U.S. Dist. LEXIS 70469 (M.D. Fla. 2007), citing *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

In this case, the Notice attached to the Complaint bearing Garcia's allegations prove those allegations false.  Garcia cannot show the Court additional evidence or facts that will support his causes of action, and the Court should dismiss his Complaint.

## III.   ARGUMENT

Even when viewed in the light most favorable to him, Garcia's Complaint fails to state a claim for violation of Article Nine.  As shown below by the text of the statutes and the plain language of his post-repossession Notice, UACC complied with Article Nine.  For this reason, Garcia cannot prove a set of facts that would entitle him to the relief authorized by Florida law.

### A.   UACC's Notice Gave All Required Details Of The Impending Sale.

Garcia first alleges that UACC failed to "specify whether the repossessed car would be sold in a public or private sale, as required" by sections 679.614 and 679.613.   (Complt. at ¶ 15A)  This allegation fails to state a claim, however, because neither sections 679.613 or 679.614 required UACC to disclose whether the sale was public or private.  Section 679.614 states that, in a consumer goods transaction, the notice of disposition must provide the information set forth in 679.613(1).  Section 679.613(1), in turn, requires that the Notice must state only "the time and

place of a public disposition or the time after which any other disposition is to be made." Fla. Stat. 679.613(e).

The statute does not require that the Notice state specifically whether the sale would be public or private. Instead, the statute requires only that, if the intended sale is public, UACC must provide the time and place of the sale, and if the collateral is sold by other means, the time after which that disposition would occur. In this case, the Notice informed Garcia that the car would be sold at "auction" on January 16, 2007. Because UACC did not dispose of the collateral by *public* sale, it was not required to provide the time and place of disposition, and it did give him notice of the time after which private disposition of the collateral would be made- in this case, on January 16, 2007 at 8 am. This allegation therefore fails to state a claim because the Notice provided the disclosure required by statute, and this fact is apparent on the face of the Notice.

### B.    UACC's Notice Detailed Garcia's Liability For Any Post-Sale Deficiency Balance.

Garcia also states that his Notice failed to "properly describe" Garcia's liability for any deficiency balance created by the difference between the sale price and the remaining balance on his loan with UACC (Complt. at ¶ 15B). On its face, however, the Notice clearly sets forth the remaining balance of Garcia's loan and the total of costs and fees accumulated in repossessing and disposing of the car. Directly below this accounting of the total amount owed, the Notice contains two statements explaining:

> NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY
> IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE
> VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT
> BALANCE AND OTHER AMOUNTS DUE.

(Complt. at Ex. B) Directly below that notice, another appeared, explaining that:

{WP439638,1}                                           5

> NOTICE:  Upon disposition of the motor vehicle, you will be
> liable for any deficiency balance plus interest at the contract rate
> from the date of disposition of the motor vehicle to the date of
> entry of judgment.

(*Id.*)

Collectively, these statements, along with the detailed accounting of the contract balance and additional fees that Garcia owed, met the requirements of Section 679.614, which requires only "a description of any liability for a deficiency of the person to whom the notification is sent."  The statute does not detail additional information that must be stated in the Notice. Further, Garcia's Complaint does not state *how* the explanation in the Notice failed to "properly describe" the liability for any deficiency balance.  To survive a motion to dismiss, Garcia must do more than merely "label" his claims.  *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996).  As a result, the Complaint fails to state a claim for violation of section 679.614.

Garcia also alleges that UACC did not provide a telephone number or mailing address that Garcia could use to obtain additional information on the sale of the car and his obligation for the deficiency balance (Complt. at ¶ 15E).  Again, the Notice attached to the Complaint proves this allegation false.  The Notice states:

> NOTICE:  Upon written request, the Holder [UACC] shall furnish
> a written accounting regarding the disposition of the motor vehicle
> hereinafter described.  Such request must be personally served or
> sent by First-Class Mail, postage prepaid, or Certified Mail, return
> receipt requested to the address of the Holder designated below.

The Notice then lists the address for United Auto Credit Co. as "P.O. Box 590264, Ft. Lauderdale, FL  33359." (Complt. at Ex. B).  Because the Notice gave Garcia a contact address as required by Section 679.614(1)(d), this allegation fails to state a claim.  See Fla. Stat. § 679.614(1)(d) (requiring *either* "[a] telephone number" *or a* "mailing address from which

additional information concerning the disposition and the obligation secured is available.")
(emphasis added).

### C. UACC Provided Garcia A Full Accounting Of His Unpaid Debt.

Garcia also challenges the notice of accounting of his unpaid debt, which is required by Section 679.613(1)(d). Section 679.613(1)(d) requires that a secured debtor provide a Notice that "[s]tates that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting." Fla. Stats. §679.613(1)(d) Garcia's allegation here is creative, but flawed. He fails to note that the Notice already contains the accounting to which he is entitled, and thus goes beyond merely disclosing that he is entitled to an accounting. Contrary to Garcia's allegations, the Notice that UACC provided to Garcia:

- gave a detailed accounting of Garcia's unpaid indebtedness on the face of the document;

- indicated that the amounts listed would be increased if there was a deficiency balance as a result of the sale;

- estimated the costs and fees associated with disposition; and,

- provided an address to obtain a full accounting of the deficiency balance after sale.

Thus, the Notice that UACC provided offered greater benefit to the consumer than what was required by statute—rather than disclose merely that Garcia was entitled to a full accounting of the balance he owed at the time of repossession and charge him for the service, the Notice gave him that full accounting free of charge, and gave him the address for which he could seek a detailed post-sale accounting of the amounts he owed. Even viewing this allegation in the light most favorable to Garcia, he fails to state a claim for violation of Section 679.613(1)(d) because

UACC provided the accounting contemplated by the statute free of charge. As a result, this allegation has no merit and must be dismissed.

### D.   UACC Provided All Redemption Information Mandated By Statute.

Finally, Garcia makes two allegations regarding the Notice's statements about the consumer's right, if any, to redeem the car before it was sold. He argues 1) that UACC failed to provide a telephone number that he could call to find out how to redeem the car (Complt. at ¶ 15D), and 2) that UACC failed to provide the correct time period for redemption. Both of these allegations fail to state a claim based on the text of the statute.

### 1.   UACC was not required to provide a phone number for redemption details.

This allegation fails to state a claim because, pursuant to Section 679.614, a telephone number for redemption of the collateral must be required only if the consumer has a right (as defined by Section 679.623) to redeem the collateral. This allegation fails on two levels. First, the Notice did not contain a phone number that Garcia could call to determine how to redeem the collateral because, after UACC repossessed the car, Garcia no longer had a statutory right to redeem it. Section 679.623 allows a debtor to redeem collateral "at any time *before* a secured party. . .has collected the collateral under 679.607. Fla. Stat, 679.623(3)(a) (emphasis added). In this case, UACC had already collected the collateral upon Garcia's default, as it was allowed to do by Section 679.607. Since Garcia had no statutory right of redemption under Section 679.623, UACC was not required to provide "[a] telephone number from which the amount that must be paid to the secured party to redeem the collateral under 679.623 is available." Fla. Stat. § 679.614(1)(c).

Second, the Notice itself contains express instructions on how Garcia could exercise his contractual right to redeem the collateral (different from his statutory right)- thus Garcia did not need to contact UACC to determine how to do so.  At the top of the page, the Notice stated:

> You have the right to redeem the vehicle by paying to the undersigned at the address designated below the full amount shown below as the "Total Due" within 10 days of the date of this Notice unless extension is granted as provided below.

Thus, Garcia fails to state a claim for violation of Sections 679.623 and 1679.614 because UACC was not required to provide the contact information that it allegedly failed to provide, and because it provided the information that Garcia would have obtained by calling UACC on the face of the Notice.  This allegation too should be dismissed.

### 2.    UACC was not required to disclose the time period required for redemption.

In Paragraph 15F of his Complaint, Garcia alleges that UACC "failed to disclose to Plaintiff...the correct time period for redemption. as required by ...679.623."  Section 679.623 does not require that UACC give any notice to the consumer.  It states only how and when redemption may occur.[1]  Since the statute does not have a notice requirement, Garcia cannot state a claim for violating a notice provision that does not exist.[2]

---

[1] *See* Fla. Stat. § 679.623 ([a] redemption may occur at any time before a secured party (a) [h]as collected collateral under 679.607; (b) [h]as disposed of collateral or entered into a contract for its disposition under 679.610; or (c) [h]as accepted collateral in full or partial satisfaction of the obligation it secures under 679.622.).

[2] UACC also notes that it did provide notice of the time period allowed for redemption.  As discussed in Section D.1., above, the Notice contained a statement that the car could be redeemed within 10 days of the date of the Notice.  The Notice further gave Garcia the option to extend the contractual redemption period by an additional 10 days if Garcia sent notice to UACC at the address provided. *See* Complt. at Ex. B.

## IV.    CONCLUSION

As UACC explains above, none of Garcia's numerous allegations has legal merit.  Even viewing his factual allegations in the light most favorable to him, the Court cannot conclude that Garcia could state any set of facts that would entitle him to relief, either because a) his claims misstate the requirements of the Florida statutes on which they are based, or b) his claims ignore the plain language of the Notice that UACC sent.  His allegations of unlawful and unfair conduct stemming from these alleged violations fail because he has stated no violations, and because he ignores the express terms of his disposition Notice.  For the reasons stated, UACC's motion should be granted and Garcia's Complaint should be dismissed.

Dated:   October 19, 2007
West Palm Beach, FL

Respectfully submitted,

Lawrence P. Rochefort (Florida Bar No.: 769053)
E-mail:  lawrence.rochefort@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-6183
Telephone:  561.653.5000
Facsimile:  561.659.6313

Claudia Callaway
Sabrina Rose-Smith
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, NW
Suite 1100
Washington, DC  20005
Telephone:     (202) 585-6500
Facsimile:      (202) 585-6600
*Attorneys for Defendant United Auto Credit Corporation*

{WP439638;1}

10

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on October 19, 2007, a true and correct copy of the forgoing document was served on all counsel or parties of record identified on the attached service via facsimile and U.S. Mail, postage prepaid.

for Lawrence Rochefort
Attorney for Defendant

{WP439638;1}

11

## SERVICE LIST

**Werner R. Garcia v. United Auto Credit Corporation**
**Case No.: 07-_____–CIV-_____/_____**
**United States District Court, Southern District of Florida**

Robert W. Murphy, Esq.
Law Office of Robert W. Murphy, Esq.
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL  33316
Telephone: 954-763-8660
Facsimile:  954-763-8607

Manuel A. Garcia-Linares
Richman, Greer, Brumbaugh, Mirabito &
Christenson, P.A.
Miami Center, 10th Floor
201 South Biscayne Boulevard
Miami, FL  33131
Telephone: 305-373-4000
Facsimile: 305-373-4099
*Attorneys for Plaintiff*
*Werner R. Garcia*

Lawrence P. Rochefort, Esquire
E-mail:  lawrence.rochefort@akerman.com
Akerman Senterfitt
222 Lakeview Ave., Suite 400
West Palm Beach, Florida 33401
Telephone:  561-653-5000
Facsimile:  561.659.6313
Service by Notice of Electronic Filing

Claudia Callaway
Sabrina Rose-Smith
MANATT, PHELPS & PHILLIPS, LLP
700 12th Street, NW
Suite 1100
Washington, DC  20005
Telephone:     202-585-6500
Facsimile:     202-585-6600
Service via facsimile and U.S. Mail
*Attorneys for Defendant United Auto Credit*
*Corporation*