UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61503 - CIV- ALTONAGA/TURNOFF

WERNER R. GARCIA, an individual, and on
behalf of all others similarly situated,

        Plaintiff,

v.

UNITED AUTO CREDIT
CORPORATION, a California corporation,

        Defendant.
_____/

## DEFENDANT UNITED AUTO CREDIT CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

When evaluating a motion to dismiss, the Court takes "only well pleaded factual allegations as true," and draws "only reasonable inferences in favor of the plaintiff." *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). "[C]omplaints are not impregnable," *Associated Builders, Inc.*, 505 F.2d 97, 99 (5th Cir. 1974), and "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004); *see also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A review of Plaintiff's November 2, 2007 Opposition to Defendant's Motion to Dismiss (the "Opposition") reveals that he concedes that Defendant's Notice complied with Florida law – just not the law as Plaintiff's counsel views it. In support of his desired jurisprudence, Plaintiff cites cases from the four corners of the United States, but ignores controlling Florida authority and fails to address in any way the contrary authority cited in the Defendants Motion To Dismiss the Complaint (the "Motion to Dismiss").

I.    **ARGUMENT**

    A.    **UACC's Notice Of Impending Sale Complied With Fla. Stat. § 679.614(1)(a) And § 679.613(1)(c)**

In response to Garcia's allegation that UACC failed to "specify whether the repossessed car would be sold in a public or private sale, as required" by sections 679.614 and 679.613," *see* Complt. at ¶ 15A, UACC moved to dismiss because the notice at issue complied with the statutory requirements for a private sale.  Garcia responded to the motion to dismiss by stating that the term "auction" in the notice should be interpreted as a public auction, ***even after*** UACC confirmed in its motion that the "auction" noted was a dealer-only auction, and ***even after*** Garcia himself acknowledged that a dealer-only auction is a private, rather than public sale.  *See* Opposition at 10-11.

"[U]nsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6)."  *Swierkiewicz in Wagner v. Daewoo Heavy Indus. Am. Corp.*, 289 F.3d 1268, 1271 n. 22 (11th Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  In this case, Garcia's Complaint relies on an untested legal argument:  that the word "auction" can only mean a public sale, and if it means a dealer-only auction, that makes the notice of disposition automatically defective, and entitles a plaintiff to statutory damages, whether or not the plaintiff was damaged.  This theory fails to state a claim.  "Pleadings must be something more than an ingenious academic exercise in the conceivable." *Id.* (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001)).

As Garcia correctly notes, a dealer-only auction is a private sale.  Section 679.613(1), requires that the Notice must state only "the time and place of a public disposition or the time after which any other disposition is to be made." Fla. Stat. 679.613(e).  The statute therefore requires only that, if the intended sale is public, UACC must provide the time and place of the

sale, and *if the collateral is sold by other means, the time after which that disposition would occur.*  In this case, the Notice informed Garcia that the car would be sold at "auction" on January 16, 2007.  Because UACC did not dispose of the collateral by *public* sale, it was not required to provide the time and place of disposition.  UACC gave Garcia notice of the time after which private disposition of the collateral would be made- in this case, on January 16, 2007 at 8 am.  Nothing more was required, notwithstanding Garcia's legal theory that the term "auction" should not be interpreted to include a dealer-only auction, which is a private disposition.[1]  Garcia's reliance on dicta in an opinion from the Eastern District of California, interpreting Florida's UCC as it existed in 1990, to support his assertion that under Florida law "auction" exclusively means "public sale," misstates current Florida law – the very law cited by Garcia on the previous page of his Opposition.  *Compare* Opposition at 11 (*citing In re: Gott*, 114 B.R. 708, 710 (E.D. Cal. 1990)) *with* Opposition at 10 (citing Comment 7 to UCC § 9-6.1).

None of the cases relied upon by Garcia provide any support for his argument to the contrary:

- *Horta v. Flanigan's Enterprises Employees Credit Union, Inc.*, 488 So.2d 657 (Fla. Ct. App. 1986): In *Horta,* the defendant debtors alleged in their response to the complaint that the plaintiff credit union had failed to provide notice of the time and place of the "*public* auction" of defendants' repossessed automobile.  *Id.* at 657 (emphasis added).  Interpreting an earlier version of Article 9, the Court in a one paragraph per curiam opinion held that by so doing, the defendants had offered a sufficient legal defense and, as such, judgment on the pleadings in favor of the appellee was improper.  The Court was not presented with – and did not consider – the issue of whether the term "auction" was synonymous exclusively with "public sale."  (Indeed, if the term "auction" referred exclusively to a public sale, as Garcia contends, then it is not clear why the *Horta* Court would employ the redundant adjective "public" to describe the auction.).

- *People's Heritage Savings Bank v. Theriault*, 670 A.2d 1391 (Me. 1996): In

---

[1] The heightened standard for which Garcia advocates is evident in his assertion that, even if UACC had stated that the collateral would be disposed of by "dealer-only auction" it's notice would still have been defective.  Essentially then, Garcia is requesting that the Court declare the notice defective no matter what words the Notice used, because of his unsupported assertion that the term "dealer-only auction" would have been confusing.

*Theriault*, the creditor provided the debtor with the following notice: "The purpose of this notice is to provide you with notice of the Bank's intent to dispose of the Collateral by private sale. Therefore please be advised that the Collateral will be sold at public auction on August 20, 1993." *Id.* at 1392. The collateral (a tractor) was sold at a private sale eight months later, with no other notice provided to the debtors. The debtors challenged the credit union's attempt to collect on the deficiency based on the credit union's failure to comply with the statutory notice requirements of Maine's Article 9. The Maine Supreme Court agreed, holding that the notice was "confusing" as it "indicates in successive sentences that the collateral will be disposed of by both public auction and private sale." *Id.* at 1393. The Court went on to hold that the notice failed to comply with the requirements for *either* a public sale (as it did not specify the time and place of the sale) *or* a private sale (as it did not indicate the date after which the collateral may be subject to sale). *Id.* at 1393-94. Contrary to Garcia's contention, the Court did not consider, and therefore did not hold, that the failure to specify whether the sale was public or private was "deficient as a matter of law." Opposition at 11-12.

- *Landmark First National Bank of Fort Lauderdale v. Gepetto's Tale O' The Whale of Fort Lauderdale, Inc.*, 498 So.2d 920 (Fla. 1986): In *Landmark*, the creditor obtained a "final summary judgment" order against the debtor, in which the Court ordered the debtor to dispose of the collateral in a "commercially reasonable manner." *Id.* at 921. The creditor forwarded a copy of the order – but no notice - to the debtor, and thereafter disposed of the collateral by private sale. *Id.* The debtor challenged the creditor's attempt to collect the deficiency based upon a lack of notice. The creditor contended that the "final summary judgment" order was itself reasonable notice as to the time after which a private sale would take place. Again interpreting the pre-revision version of Florida's Article 9, the Court found that as the order made no reference to *an actual date*, the creditor's contention was without merit. Because the creditor had not provided the debtor with *any* notice, the Court found that the sale could not be considered commercially reasonable.

Finally, the Court should not read anything into UACC's choice to use language other than that included in the statutory safe-harbor form. Nothing in the law required UACC to use the form suggested in the statute, and its use of other language does not and cannot make its Notice automatically deficient. Garcia's claims that UACC "acted at its own peril" in deviating from the safe harbor, and that its decision to do so somehow implies an intent to confuse consumers are examples of the kinds of "unwarranted deductions of fact" that a motion to dismiss is designed to eliminate. *Jackson*, 372 F.3d at 1262.

### B. UACC's Statement of Garcia's Liability for the Deficiency Balance Complied with Fla. Stat. § 679.614(1)(b)

Garcia next claims that UACC was required to disclose that any deficiency claim would be limited by Section 516.31(3). Again, Garcia demands that the Court read more into Article IX than is actually required, and then hold UACC to that heightened standard. His legal arguments do not properly state a claim and must be dismissed. First, Garcia did not point to any statute requiring that UACC explain the basics of Section 516.31(3) to a consumer, nor can he. Even the statutory safe harbor language included in Section 679.614(3) does not inform the consumer that a creditor's liability is limited by Section 516.31(3) to claims for unpaid balances above $2,000, and only where the fair market value is less than the consumer's indebtedness. Instead, the model form simply states: "if we get less money than you owe, you *(will or will not, as applicable)* still owe us the difference." Fla. Stat. 679.614(3) (emphasis added).

The statute thus contemplates that the creditor will determine whether a consumer will owe a deficiency based on Section 516.31(3), and will then properly disclose to the consumer whether any balance will be owed. In this case, UACC did exactly that. It determined that the unpaid balance was greater than $2,000, and that the fair market value of the car, as determined by "published trade estimates of the retail value of goods" was less than the amount of the indebtedness. Fla. Stat. § 516.31(3). Because Garcia would owe a deficiency based on Section 516.31(3), UACC made the following disclosure:

> NOTICE:  Upon disposition of the motor vehicle, *you will be liable for any deficiency balance* plus interest at the contract rate from the date of disposition of the motor vehicle to the date of entry of judgment.

Complt. at Ex. B (emphasis added). UACC's disclosure was not deficient because it was not required to explain how and when Section 516.31(3) should apply in the Notice. Garcia's wish

that a creditor be required to explain Section 516.31(3) is an argument for the Florida Legislature, not this Court, and must be dismissed.[2]

### C. The Notice of a Right to a Statement of Accounting Required by Fla. Stat § 679.613(1)(d) and 679.614(1)(a) is Clearly Set Forth in the Notice Attached by Plaintiff to His Complaint

Section 679.613(1)(d) requires that a secured party provide a Notice that "[s]tates that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting." Fla. Stats. §679.613(1)(d). UACC provided this notice, ***in addition to*** the actual accounting, and the required statement is evident on the face of the Notice. As a result, Garcia fails to state a claim, even amid his argument on statutory interpretation, and the labored critique of UACC's actual accounting. *See* Opposition at 16-21.

UACC's Notice stated:

> NOTICE: Upon written request, the Holder shall furnish a written accounting regarding the disposition of the Motor Vehicle hereinafter described. Such request must be personally served or sent by First-Class Mail, postage prepaid, or Certified Mail, return receipt requested to the address of the Holder designated below.

This statement appears just below the complete written accounting of the amount owed prior to sale, and informed Garcia that, in addition to the accounting of his unpaid indebtedness before the sale, he was entitled to a full accounting after the sale. It also told Garcia how and where to obtain this information. Even viewing this allegation in the light most favorable to Garcia, he

---

[2] In addition, Garcia does not have standing to argue that any other putative class member's notice was deficient because it improperly stated that the consumer owed a deficiency because his own Notice does not contain this error. *See Franze v. Equitable Assurance*, 296 F.3d 1250, 1254 (11th Cir. 2002) (citations omitted); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000); *Piazza v. EBSCO Industries, Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (citation omitted).

fails to state a claim for violation of Section 679.613(1)(d) because UACC provided the required statement of entitlement to a full accounting.[3]

### D.   UACC Did Not Terminate Garcia's Right of Redemption Prior To Disposition Of The Collateral.

Garcia alleges that UACC improperly limited his right of redemption to 10 days, rather than to "any time prior to the disposition of the collateral." This argument, which essentially characterizes UACC's point as a "gross misstatement of law," nonetheless fails to state a claim. *See* Opposition at 21-22.

As UACC argued in its opening motion, the Notice gave Garcia 10 days from the date of the Notice to redeem his car. Garcia focuses on the 10 day limitation, and asserts that this limited his right to redeem the car because Florida law unequivocally allowed him to redeem prior to disposition. What Garcia fails to note, however, is that 10 days was the time between the date Garcia would have received the notice and *the date of disposition*. In other words, Garcia was given the right to redeem his car at any time prior to disposition, and all the Notice did was inform Garcia a) that he could redeem the car (which Garcia concedes in his Opposition at 23), and b) that his right to redeem would expire in 10 days because disposition would occur in exactly 10 days if he did not request an extension of time to redeem.

Finally, Garcia claims that the Notice was deficient because, although it provided the correct address for contacting UACC regarding the disposition of the car, it did not state that Garcia could obtain "additional information" at that address. This argument fails. Section

---

[3] Garcia also takes issue with UACC's accounting of unpaid indebtedness, arguing that it does not contain the full accounting. As Garcia goes to great length to point out, however, it was the notice of entitlement to a full accounting that was required. UACC provided this notice. UACC can and will prove a) that the accounting provided gives the correct information, b) that there was no unearned interest or insurance premiums to be deducted, and c) that the full accounting includes this information, but does not do so on this motion because, as Garcia points out, the only point that matters at this stage is the disclosure.

679.614(1)(d) requires that a secured creditor provide "a telephone number or mailing address from which additional information concerning the disposition of the obligation secured is available." UACC's Notice mirrored this language and provided an address.

Garcia's demand that the Notice contain the words "this address may be used for additional information" is not required by statute, nor is it included in the model form provided by the Legislature in Section 679.613 (which is additional evidence, aside from the language of the statute itself, that the Legislature did not intend for those specific words to be used). As a result, this "claim" is an "unsupported conclusion of law," and must be dismissed under Rule 12(b)(6).

### E.  Plaintiff's Interpretation of Fla. Stat. §§ 679.614(1)(c) and (1)(d) is incorrect

In his Opposition, Garcia erroneously contends that because UACC did not provide "telephonic contact information" for the exercising of the right of redemption and "general contact information" for obtaining additional information concerning the disposition of the secured obligation, UACC was not in compliance with the requirements of Fla. Stat. §§ 679.614(1)(c) and (1)(d), respectively. Opposition at 24-26.

***First, as Garcia admits in his Opposition***, ***UACC did in fact provide contact information required by §§ 679.614(1)(d)***. Opposition at 25 ("As pointed out by United Auto, the Notice of Sale does in fact include an address. . . ."; "While United Auto provides an address of 'P.O. Box 590264, Fort Lauderdale, Florida 33359. . . .'"). As Comment 2 to Fla. Stat. § 679.613 makes clear (and which Garcia oddly and inexplicably relies upon as authority for contrary proposition), "[a]lthough a secured party may choose to include additional information concerning the transaction or the debtor's rights and obligations, ***no additional information is required*** unless the parties agree otherwise." Fla. Stat. § 679.613, Comment 2 (emphasis added).

Accordingly, and as the unambiguous language of the statute makes clear, UACC need only provide the information it actually provided in the Notice of Sale: a "telephone number *or mailing address* from which additional information . . . is available." Fla. Stat. § 679.614(d) (emphasis added).

Second, Garcia also offers the contention that because UACC provided the total amount due in its notice of sale (as opposed to providing Garcia with a telephone number from which he could obtain this exact same information), UACC was not in compliance with Fla. Stat. § 679.614(1)(c). As an initial matter, and contrary to argument of Garcia's counsel, by directly providing Garcia with the redemption amount in the Notice of Sale (as opposed to merely providing a telephone number), UACC made it *more likely – not less –* that Garcia would have an opportunity to redeem the collateral, an important consideration where, as here, time was of the essence. *See* Opposition at 25.

Beyond that, UACC's Notice provided "the amount that must be paid to the secured party to redeem the collateral." Fla. Stat. § 679.614(1)(c); *see also* Opposition at 26 (citing Fla. Stat. § 679.613, Comment 2) (which states that although secured party *may* provide additional information, "no additional information is required."). Garcia contends that he was somehow prejudiced because UACC did not make a customer service representative available to provide legal advice or answer the panoply of questions posited by Garcia's counsel. Opposition at 25. Instead of providing the redemption amount in the Notice of Sale, UACC could have provided Garcia with the telephone number for an automated telephone system from which Garcia could obtain his redemption amount by typing his account number into his telephone keypad (much as most credit card companies and major banks provide to their customers). Garcia's proposed statutory construction is underscored by contrasting the problem with the very specific

requirements of § 679.614(c) (requiring UACC to provide only the "amount that must be paid . . . to redeem the collateral") with the broader requirement of § 679.614(d) (requiring UACC to provide a mailing address from which "***additional information concerning*** the disposition and obligation secured" may be obtained) (emphasis added).  Had the legislature intended to adopt Garcia's proposed statutory construction, it would have drafted § 679.614(c) to require a secured party to provide a telephone number from which "additional information concerning" the redemption amount could be obtained (as opposed to simply requiring it to provide the naked dollar figure itself).  It did not.

## II.     CONCLUSION

Garcia's Complaint draws on unsupported legal conclusions, his view of statutory interpretation, and unwarranted factual deductions to make a claim against UACC.  The Complaint essentially states one consumer's position on what Article IX *should* require.  As the Eleventh Circuit has already determined, such academic exercises will not survive a motion to dismiss.  For this reason, federal courts have consistently held that, while "a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." *Swierkiewicz in Wagner*, 289 F.3d at 1270.

In this case, Garcia's claims are based on reading a significantly more detailed notice requirement into Article IX than actually exists, and then seeking to hold UACC liable for failing to meet that artificially high notice requirement.  Accordingly, UACC respectfully requests that they be dismissed.

Dated:  November 13, 2007
West Palm Beach, FL

Respectfully Submitted,

 s/  Lawrence P. Rochefort
Lawrence P. Rochefort (Florida Bar No.: 769053)
E-mail:  lawrence.rochefort@akerman.com
**AKERMAN SENTERFITT**

222 Lakeview Avenue, Suite 400
West Palm Beach, FL  33401-6183
Telephone:  561.653.5000; Fax:  561.659.6313
*Attorneys for Defendant United Auto Credit Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       s/ Lawrence P. Rochefort
      Lawrence P. Rochefort

## **SERVICE LIST**

**Werner R. Garcia v. United Auto Credit Corporation
Case No.: 07-61503–CIV- ALTONAGA/TURNOFF
United States District Court, Southern District of Florida**

Robert W. Murphy, Esq.
Law Office of Robert W. Murphy, Esq.
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL  33316
Telephone: 954-763-8660
Facsimile:  954-763-8607

Manuel A. Garcia-Linares
Richman, Greer, Brumbaugh, Mirabito & Christenson, P.A.
Miami Center, 10th Floor
201 South Biscayne Boulevard
Miami, FL  33131
Telephone: 305-373-4000
Facsimile: 305-373-4099
*Attorneys for Plaintiff
Werner R. Garcia*
Service by Notice of Electronic Filing

Lawrence P. Rochefort, Esquire
E-mail:  lawrence.rochefort@akerman.com
Akerman Senterfitt
222 Lakeview Ave., Suite 400
West Palm Beach, Florida 33401
Telephone:  561-653-5000
Facsimile:  561.659.6313
*Attorneys for Defendant United Auto Credit Corporation*
Service by Notice of Electronic Filing