UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-61503-CIV-ALTONAGA/Turnoff

**WERNER R. GARCIA**, et al.,

        Plaintiffs,

vs.

**UNITED AUTO CREDIT CORPORATION**,

        Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant, United Auto Credit Corporation's ("United Auto['s]") Motion to Dismiss Complaint [D.E. 2], filed on October 22, 2007. United Auto moves, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff, Werner R. Garcia's ("Garcia['s]") Complaint on a number of grounds. The Court has carefully considered the parties' written submissions and applicable law.

**I. BACKGROUND**

Garcia originally filed his Complaint in state court on September 14, 2007 [D.E.1]. On October 19, 2007, United Auto removed the case to this Court, simultaneously filing the instant Motion. In the Complaint, Garcia alleges that United Auto, which provides financing to purchasers of used automobiles, repossessed his automobile (the "Collateral"), and then sent him a Notice of Sale that violated Article IX of the Uniform Commercial Code ("the UCC"), as codified in the Florida Statutes, by failing to comply with various statutory notice provisions contained therein. (*See Compl.* [D.E. 1] at ¶¶ 7, 12, 13, 15, 41). Garcia seeks certification of the case as a class action, and seeks

to recover statutory damages and attorneys' fees from United Auto. (*See id.* at ¶ 42).

In its Motion, United Auto asserts the Complaint fails to state a claim upon which relief may be granted because the language contained in the Notice of Sale complied with all applicable provisions of the UCC.

## II. LEGAL STANDARD

"Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. Accordingly, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted). "In ruling on the motion to dismiss the district court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986). "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (quotation marks omitted). "When the allegations contained in a complaint are wholly conclusory, however, and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." *Davidson v. Georgia*, 622 F.2d 895, 897 (11th Cir. 1980).

"In ruling on a motion to dismiss, the Court is constrained to review the allegations as contained within the four corners of the complaint and may not consider matters outside the pleading without converting the defendant's motion into one for summary judgment." *Crowell v. Morgan*

Case No. 07-61503-CIV-ALTONAGA/Turnoff

*Stanley Dean Witter Servs. Co.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000). In evaluating a motion to dismiss, a court may, however, consider any exhibits to the complaint. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

### III. ANALYSIS

Garcia alleges United Auto's Notice of Sale failed to comply with Article IX of the UCC in that it:

(1) failed to state whether United Auto intended to dispose of the Collateral by public or private sale and, if by public sale, the time and place of such sale, in violation of Fla. Stat. §§ 679.614(1)(a) and 679.613(1);

(2) failed to properly describe Garcia's liability for a deficiency, in violation of Fla. Stat. § 679.614;

(3) failed to disclose that Garcia was entitled to an accounting of his unpaid indebtedness and the charge, if any, for such accounting, in violation of Fla. Stat. §§ 679.614(1)(a) and 679.613(1)(d);

(4) failed to provide a telephone number or mailing address from which Garcia could obtain additional information concerning the disposition and the obligation secured, in violation of Fla. Stat. § 679.614(1)(d);

(5) failed to provide a telephone number to call to find out the amount required to redeem the Collateral under Fla. Stat. § 679.623, in violation of Fla. Stat. §§ 679.614(1)(c); and

(6) failed to disclose the time period for redemption, in violation of Fla. Stat. § 679.623. (*See Compl.* at ¶ 15). United Auto contends the Notice complied with each of these requirements.

**Case No. 07-61503-CIV-ALTONAGA/Turnoff**

The undersigned addresses the requirements in turn.

>      A.     **Public v. Private Sale, Fla. Stat. §§ 679.614(1)(a) and 679.613(1)**

Section 679.613(1), Fla. Stat., requires that a Notice of Sale "[s]tate[] the method of intended disposition" and "the time and place of a public disposition or the time after which any other disposition is to be made." The Notice of Sale states, "[s]ale of the motor vehicle will be held at auction on or after the 16 day of January, 2007 at 8 o'clock a.m." (*See Compl.* at Ex. B). Garcia contends United Auto violated this provision by failing to indicate whether it would dispose of the Collateral via private or public sale and, if by public sale, failing to indicate the place of the sale. In its Motion, United Auto argues: (1) there is no requirement that the Notice of Sale explicitly state whether the sale is to be public or private; and (2) the auction was private, such that the Notice of Sale was not required to indicate the place of the sale.

With respect to United Auto's first argument, Garcia contends that under relevant case law, a Notice of Sale must explicitly state whether the sale of collateral is to be public or private. In support, Garcia cites only one Florida case, *Landmark First National Bank v. Gepetto's Tale of the Whale, Inc.*, 498 So. 2d 920, 922 (Fla. 1986), in which the Florida Supreme Court noted, with reference to an older version of the UCC, that a notice of sale was insufficient in that it "did not specify whether the sale was to be public or private[,]" meaning that the property owners "could not know what steps would be appropriate to protect their interests." Garcia argues that since the 2002 amendments to the UCC, the requirement that the notice state whether the sale is to be public or private was made explicit by the requirement in Fla. Stat. § 679.613(1)(c) that the notice state "the method of intended disposition."

4

Case No. 07-61503-CIV-ALTONAGA/Turnoff

There is no explicit requirement in the statute that a notice of sale indicate whether a sale is to be public or private, and the term "method of intended disposition" could be interpreted to be satisfied by United Auto's inclusion of the disclosure that the Collateral would be sold "at auction." Garcia is correct, however, that some courts have held that the UCC "clearly require[s the secured party] to inform [the debtor] as to whether it [will] sell the [collateral] at either a private sale or a public sale." *In re Downing*, 286 B.R. 900, 904 (Bankr. W.D. Mo. 2002). Because, as will be discussed, the term "auction" may mean a public or private sale, depending on the type of auction that will be conducted, United Auto's Notice failed to disclose whether the sale of the Collateral would be public or private. Accordingly, United Auto is not entitled to dismissal on this basis.

With respect to United Auto's second argument, that the auction was "private," meaning the Notice of Sale was not required to indicate the place of the sale, Garcia argues there was no way to determine this from the Notice. While a dealer-only auction is considered a "private" sale, other auctions, which the public may attend, are considered "public" sales. Garcia is correct that the term "auction" in the Notice is ambiguous. Whether the auction was, in actuality, a public auction or a dealer-only auction requires the consideration of facts not before the Court on this motion to dismiss. United Auto is therefore not entitled to dismissal on this basis.

  **B.**   **Description of Garcia's Liability for Deficiency, Fla. Stat. § 679.614(1)(b)**

Section 679.614(1)(b), Fla. Stat., requires that a Notice of Sale contain a "description of any liability for a deficiency of the person to whom the notification is sent . . . ." United Auto's Notice of Sale provided as follows:

  Amount due on Contract or Agreement (all payments being due)     $5156.36
  Total amount of Overdue Payments (at Time of Acceleration) ($550.82)

Case No. 07-61503-CIV-ALTONAGA/Turnoff

| | |
|---|---|
| Accrued Delinquency and Collection Charges ($171.16) | $ 171.16 |
| Repossession Costs and Fees Estimate | $ 90.00 |
| . . . | |
| TOTAL DUE | $5417.52 |

(*Compl.* at Ex. B). The Notice further provided the following statements:

> NOTICE: YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND OTHER AMOUNTS DUE.
>
> NOTICE: Upon disposition of the motor vehicle, you will be liable for any deficiency balance plus interest at the contract rate from the date of disposition of the motor vehicle to the date of entry of judgment.

(*Id.*).

United Auto argues that these disclosures, on their face, comply with the statute. In his Response, Garcia contends the Notice was required to specifically state that, under Fla. Stat. § 516.31(3), he could be held liable only for the unpaid balance due on the loan less the fair market value of the automobile repossessed. Garcia's argument does not persuade. Garcia does not point to any statutory or case law requiring that the provisions of Fla. Stat. § 516.31(3) be specifically set forth in a Notice of Sale. More importantly, the "safe harbor" language included in Fla. Stat. § 679.614 simply provides as follows: "The money we get from the sale [of collateral] will reduce the amount you owe. If we get less money than you owe, you (will or will not, as applicable) still owe us the difference." The "safe harbor" language does not contain any mention of the fair market value reduction, and Fla. Stat. § 679.614(3) explicitly provides that the "safe harbor" language contains sufficient information to satisfy statutory requirements. To the extent Garcia premises his Complaint on United Auto's alleged failure to comply with Fla. Stat. § 679.614(1)(b), United Auto is entitled

Case No. 07-61503-CIV-ALTONAGA/Turnoff

to dismissal.

### C. Disclosure of Entitlement to Accounting, Fla. Stat. §§ 679.614(1)(a) and 679.613(1)(d)

Under Fla. Stat. § 679.613(1)(d), a Notice of Sale must "[s]tate[] that the debtor is entitled to an accounting of the unpaid indebtedness and state[] the charge, if any, for an accounting." In addition to the accounting set forth in Section III.B of this Order, United Auto's Notice of Sale provided as follows:

> NOTICE: Upon written request, the Holder shall furnish a written accounting regarding the disposition of the Motor Vehicle hereinafter described. Such request must be personally served or sent by First-Class Mail, postage prepaid, or Certified Mail, return receipt requested to the address of the Holder designated below.

(*Compl.* at Ex. B).

United Auto contends the combination of the accounting and this disclosure more than satisfies the requirements of the statute. Garcia asserts the accounting contained in the Notice was incomplete. He does not, however, even address the language contained in the disclosure of entitlement to an accounting set forth above, which itself satisfies the requirements of Fla. Stat. § 679.613(1)(d). Accordingly, to the extent Garcia premises his Complaint on United Auto's alleged failure to comply with Fla. Stat. § 679.613(1)(d), United Auto is entitled to dismissal.

### D. Telephone Number or Mailing Address for Additional Information, Fla. Stat. § 679.614(1)(d)

Section 679.614(1)(d), Fla. Stat., requires that a Notice of Sale disclose a "telephone number or mailing address from which additional information concerning the disposition and the obligation secured is available." In addition to the disclosure set forth in Section III.C of this Order, the Notice of Sale provided United Auto's mailing address. United Auto asserts the information disclosed

7

Case No. 07-61503-CIV-ALTONAGA/Turnoff

complied with the statute.

Garcia argues the disclosure stated only that he could obtain "a written accounting regarding the disposition of the Motor Vehicle" by writing to the address given. This, he contends, did not satisfy United Auto's obligation to set forth an address from which Garcia could obtain "additional information concerning the disposition and the obligation secured." This argument is meritless and inconsistent with the plain language of the statute. To the extent Garcia premises his Complaint on United Auto's alleged failure to comply with Fla. Stat. § 679.614(1)(d), United Auto is entitled to dismissal.

### E.    Telephone Number for Redemption Information, Fla. Stat. § 679.614(1)(c)

Section 679.614(1)(c), Fla. Stat., requires that a Notice of Sale disclose a "telephone number from which the amount that must be paid to the secured party to redeem the collateral under [Fla. Stat. §] 679.623 is available . . . ." While no telephone number appears in the Notice, United Auto asserts no such disclosure was required because by the time the Notice was issued, Garcia no longer had a statutory right to redemption under Fla. Stat. § 679.623.

Section 679.623(3), Fla. Stat., provides that "[a] redemption may occur at any time before a secured party: (a) [h]as collected collateral under § 679.607; (b) [h]as disposed of collateral or entered into a contract for its disposition under § 679.610; or (c) [h]as accepted collateral in full or partial satisfaction of the obligation it secures under § 679.622."

The parties dispute which subsection of Fla. Stat. § 679.623(3) applies in this case. United Auto argues subsection (a) (collection under Fla. Stat. § 679.607) applies, and should be interpreted to mean Garcia's right to redemption expired upon United Auto's collection of the Collateral. Garcia

8

argues subsection (b) (disposition of collateral under § 679.610) applies, and should be interpreted to mean Garcia's right to redemption survived until United Auto disposed of the Collateral. Garcia's argument is premised upon his assertion that Fla. Stat. § 679.607 deals only with "account debtors," defined as persons obligated on an account, chattel paper, or general intangible, *see* Fla. Stat. § 679.1021(1)(c), and which does not encompass the parties in this case. In its Reply, United Auto appears to concede this point, focusing instead on whether its Notice of Sale complied under Fla. Stat. § 679.623(3)(b). The undersigned agrees with Garcia's assertion that Fla. Stat. § 679.623(3)(b) applies here. Accordingly, Garcia's right of redemption extended through the date of disposition of the Collateral.

The Notice of Sale sent to Garcia did not contain a telephone number from which Garcia could obtain the amount he was required to pay to redeem the Collateral. United Auto's assertion that it included the redemption amount and a mailing address in the Notice is irrelevant where the statute explicitly requires the inclusion of a telephone number. To the extent Garcia's Complaint relies upon Fla. Stat. § 679.614(1)(c), United Auto is not entitled to dismissal.

**F.    Disclosure of Time Period for Redemption, Fla. Stat. § 679.623**

In his Complaint, Garcia asserts that "United Auto failed to disclose to Plaintiff. . . the correct time period for redemption as required by Florida Statutes § 679.623." (*Compl.* at ¶ 15F). As set forth in this Order, Fla. Stat. § 679.623 provides the details of a debtor's statutory right of redemption of collateral. Section 679.623(3), Fla. Stat., sets forth the time periods in which a debtor may redeem collateral. The statute does not, however, contain any notice provision requiring that a secured party inform the debtor of the time period governing his or her right of redemption. The

9

undersigned has been unable to locate such a requirement in any of the other statutory provisions relied upon by Garcia. The undersigned may not read into the statutes a notice requirement that is not explicitly set forth therein.

In his Response to United Auto's Motion, Garcia asserts that United Auto's limitation of the redemption period to 10 days from the date of notice violated the statutory time period for redemption contained in Fla. Stat. § 679.623(3). While this claim for relief was not explicitly made in Garcia's Complaint, under the notice pleading standard of the Federal Rules of Civil Procedure, United Auto had sufficient notice of this claim, and thus the merits of Garcia's argument are addressed.

As determined, Fla. Stat. § 679.623(3)(b) provides that a debtor has a statutory right of redemption until the collateral is disposed of by the secured party. United Auto's Notice of Sale provided that Garcia could redeem the Collateral within 10 days of the date of notice and, upon written request, within an additional 10 days thereafter. United Auto contends the 10-day redemption period was in compliance with Fla. Stat. § 679.623 because, according to the Notice itself, the auction of the Collateral was to take place on January 16, 2007. Garcia's Complaint alleges the Collateral was repossessed on January 4, 2007, and the Notice of Sale was sent to Garcia on that date. Because the Notice was sent 12 days before the planned sale of the Collateral (and presumably received later than that date), United Auto reasons that the 10-day redemption period, coupled with the availability of the 10-day extension, allowed Garcia to redeem the Collateral any time before the sale of the Collateral, as required by Fla. Stat. § 679.623.

The undersigned is persuaded by United Auto's reasoning and finds that the 10-day

Case No. 07-61503-CIV-ALTONAGA/Turnoff

redemption period set forth in the Notice of Sale was entirely consistent with the statutory right to redemption set forth in the UCC. Accordingly, to the extent Garcia's Complaint is premised upon United Auto's alleged violation of Fla. Stat. § 679.623, United Auto is entitled to dismissal.

### IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that United Auto's Motion to Dismiss Complaint **[D.E. 2]** is **GRANTED IN PART** and **DENIED IN PART** in accordance with the above.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of January, 2008.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record